ARNHOLT ET AL. *v.* THE CITY OF COLUMBUS.

[No. 18,733.   Filed December 14, 1956.]

*William A. Conner,* of Columbus, *Davis, Hartsock & Wright,* and *Paul Y. Davis* and *Harvey B. Hartsock,* (of counsel), all of Indianapolis, for appellants.

*Joseph S. Thompson, Leon D. Cline,* both of Columbus, *Dutton & Kappes* and *C. B. Dutton, Philip S. Kappes* and *Carl D. Overman* (of counsel) all of Indianapolis, for appellee.

CRUMPACKER, J.—By duly enacted ordinance the city of Columbus, Indiana, annexed certain contiguous territory and, as provided by statute, a number of persons owning property in such territory feeling themselves aggrieved and injuriously affected by the action of the city in that respect, filed a remonstrance in the Bartholomew Circuit Court and upon hearing said court adjudged that annexation should take place. Said remonstrators have appealed to this court asserting that the undisputed evidence compels the conclusion that more than 51 per cent of the owners of real estate in the territory sought to be annexed signed the remonstrance and that there is insufficient evidence to sustain the court's finding "that the prosperity of such city and territory will be materially retarded and the safety of the inhabitants and property thereof endangered without such an annexation," and thus justify a judgment of annexation notwithstanding the remonstrance.

It has been repeatedly held that the first duty of a court is to determine its jurisdiction and with that duty in mind we have concluded that we have none in this case. Sec. 4-214, Burns' 1946 Replacement, vests authority in the Supreme Court to entertain

14 classes of appeals none of which include annexation matters. The statute then provides: "All *appealable* cases other than those herein mentioned shall be taken to the Appellate Court." (Our emphasis). As far as the statutory law is concerned this is not an appealable case. Sec. 4-211, Burns' 1946 Replacement, provides as follows:

> "No appeal shall hereafter be taken to the Supreme Court or Appellate Court in any civil case where the amount in the controversy, exclusive of interest and costs, does not exceed fifty dollars ($50.00), except as provided in section 8 (§4-213) of this act."

Sec. 4-213, Burns' 1946 Replacement, provides:

> "Every case in which there is in question, and such question is duly presented, either the validity of a franchise, or the validity of an ordinance of a municipal corporation of the constitutionality of a statute, state or federal, or the proper construction of a statute, or rights guaranteed by the state or federal Constitution, and which case would be otherwise unappealable by virtue of section six (§4-211) or section seven (§4-212), shall be appealable directly to the Supreme Court, for the purpose of presenting such question only."

This is a civil case involving nothing but the right of the city of Columbus to annex certain outlots. It does not fall within the "except" provisions of §4-213, *supra,* and no appeal is specifically authorized by §4-214, *supra.* However, the right to appeal is not wholly statutory. The Supreme Court has held that it has constitutional appellate jurisdiction of which it cannot be deprived by the legislature through action or inaction. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399; *Joseph E. Seagram & Sons* v. *Board of Com'rs., etc.* (1943), 220 Ind. 604, 45 N. E. 2d 491. This court has no such constitutional jurisdiction. We were created by statute and our jurisdiction is

conferred by statute and therefore we are of the opinion that jurisdiction of this appeal rests in the Supreme Court. It is therefore ordered that this case be transferred to the Supreme Court forthwith as provided by §4-217, Burns' 1946 Replacement.

NOTE.—Reported in 138 N. E. 2d 906.