ARNHOLT ET AL. *v.* CITY OF COLUMBUS.

[No. 29,502. Filed July 29, 1957.]

*William A. Conner*, of Columbus, *Davis, Hartsock & Wright, Paul Y. Davis* and *Harvey B. Hortsock* (of counsel), of Indianapolis, for appellant.

*Joseph S. Thompson, Leon D. Cline*, of Columbus, *Dutton & Kappes, Phillip S. Kappes, C. B. Dutton* and *Carl D. Overman* (of counsel), all of Indianapolis, for appellee.

PER CURIAM—This appeal was transferred to this Court by the Appellate Court pursuant to Burns' §4-217, upon the theory there was no statutory basis for an appeal to the Appellate Court and that therefore jurisdiction of the appeal rested in the Supreme Court.[1]

In reviewing this action of the Appellate Court it is

---

1. For Appellate Court's opinion see: *Arnholt et al.* v. *City of Columbus* (1956), 127 Ind. App. 116, 138 N. E. 2d 906.

necessary that we consider the nature of the proceeding in the trial court. The city of Columbus enacted an ordinance annexing adjoining real estate; and appellants, who were owners of real estate affected thereby, filed a remonstrance opposing the annexation, and after a hearing the trial court found against the remonstrators and decreed that the annexation should take place. The remonstrators appealed to the Appellate Court contending that according to the undisputed evidence more than 51 percent of the owners of the real estate in the territory sought to be annexed signed the remonstrance and there was insufficient evidence to support the court's finding "that the property of such city and territory will be materially retarded and the safety of the inhabitants and property thereof endangered without such an annexation" so as to justify a judgment of annexation notwithstanding the remonstrance.

As is conceded in the Appellate Court's opinion, this is a civil action involving nothing but the right of the city of Columbus to annex certain out-lots. It does not involve any question as to the validity of the city ordinance for which a direct appeal from the trial court of the Supreme Court is provided.[2]

However, Burns' § 4-214, 1946 Replacement, providing 14 separate categories of cases in which appeals are taken directly to the Supreme Court (none of which are applicable to the case before us) further provides:

> "*All appealable cases other than those herein mentioned shall be taken to the Appellate Court.*"

This cause, instituted in the trial court and resulting in the adjudication that remonstrators were not entitled to relief and that said annexation by the city of Colum-

2. See: Burns' §4-214, cl. 1, being Acts of 1925, ch. 201, §1, pp. 487, 488.

bus should take place, was an *appealable case* under the following statute: Burns' §2-3201, 1946 Replacement, Acts of 1881 (Spec. Sess.), Ch. 38, §628, pp. 240, 352, which provides:

> "Appeals may be taken from the circuit courts and superior courts to the Supreme Court,[3] by either party, from all final judgments . . . ."

This is not a case involving the constitutional appellate jurisdiction of the Supreme Court in cases where no statutory provision for an appeal has been made. See: *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399; *State ex rel. White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 34 N. E. 2d 129.

It is accordingly our conclusion that this cause being an appealable case by statute, and not falling within any of the specific categories of Supreme Court jurisdiction specified by statute,[4] but falling within the omnibus clause of Appellate Court jurisdiction,[5] the jurisdiction of this cause rests in the Appellate Court, and pursuant to Burns' §4-217, 1946 Replacement, the cause is now ordered transferred back to the Appellate Court.

NOTE.—Reported in 144 N. E. 2d 1.

3. This statute passed in 1881 before the creation of the Appellate Court, has been in part superseded by Burns' §4-213 and §4-214, which latter sections now control as to whether the appeal is taken to the Supreme or Appellate Court.

4. Burns' §4-214, 1946 Replacement, *supra,* being Acts of 1925, ch. 201, p. 487.

5. Ibid.