STATE EX REL. CITY OF SOUTH BEND ET AL. *v.* SAINT JOSEPH SUPERIOR COURT NO. TWO, ETC., DEMPSEY, JUDGE, ETC.

[No. 29,517. Filed March 20, 1958.]

*Irving Smith,* City Attorney, and *Norman Kopec,* Assistant City Attorney, for relator Municipal City of South Bend.

*William F. McInerney,* of South Bend, for relator South Bend City Planning Commission.

*James E. Keating* and *Guy H. McMichael,* both of South Bend, for relator American Shopping Centers, Inc.

*Joseph T. Helling, R. Floyd Searer, Robert L. Miller, Crumpacker, May, Beamer, Levy & Searer,* of counsel, and *Diamond & Miller,* of counsel, all of South Bend, for respondents.

LANDIS, J.—Relator has filed in this court petition for writ of prohibition asking that respondent court be restrained from taking further action in a certain suit for declaratory judgment pending before respondent. We issued the alternative writ.

The declaratory judgment suit sought to be enjoined by relators herein was brought by certain owners of

real estate in the city of South Bend, Indiana, asking that an amendment to the zoning ordinance of the city of South Bend be declared void because of the alleged failure of the City Planning Commission to comply with the Planning and Zoning statutes of Indiana (Burns' Ind. Statute, §53-701, *et seq.*, Acts 1947, ch. 174, p. 571) in the following respects:

(a) Said City Planning Commission failed to give proper notice of any hearing upon such proposed amendment.

(b) Said City Planning Commission failed and neglected to pass the requisite vote required and provided, recommending the proposed Ordinance to the City Council.

(c) The changes attempted to be effected by the proposed amendment bear no beneficial relation to the public health, safety, morals or the general welfare.

(d) The changes attempted to be effectuated are discriminatory, arbitrary, and capricious, and are not of benefit to the public or community, but serve and benefit only the interest of American Shopping Centers, Inc. and its predecessor in title, Herman N. Light, and are so designed and drafted to enable said American Shopping Centers, Inc. to qualify its certain particular land, which is otherwise unqualified, for "C-2" use.

(e) That no duly signed petition was ever presented to the Clerk of the City Council requesting an amendment or change of regulations of the zoning ordinance.

Relator asserts the writ of prohibition should issue against respondent court for the reason that such court has no jurisdiction of the subject matter, the relator contending the complaint does not in effect charge the master zoning ordinance is void in its entirety and the aggrieved plaintiffs therein have not followed their statutory remedy for reviewing the Planning Commis-

sion's decision by certiorari. (See Burns' Ind. Statutes, §53-755.) [1]

Relator relies chiefly on *State ex rel. Hardin et al.* v. *Mar. S. C., Niblack, J.* (1956), 235 Ind. 604, 135 N. E. 2d 517, in which this court granted a permanent writ of prohibition against an injunction suit brought by certain property owners who were seeking to prevent construction work *on certain described real estate* as authorized by an amendment to a zoning ordinance.

In such case this court relied principally on *City of South Bend* v. *Marckle* (1939), 215 Ind. 74, 18 N. E. 2d 764, and *City of E. Chicago* v. *Sinclair Ref. Co.* (1953), 232 Ind. 295, 111 N. E. 2d 459. In the Marckle Case this court held an aggrieved property owner, who was attempting to have a zoning ordinance declared unconstitutional as it affected his real estate, was not entitled to a declaratory judgment unless he asserted the zoning ordinance was void in its entirety. Instead, the property owner's remedy was stated to be the administrative relief specified under the zoning act, which made provision for judicial review by the circuit or superior court in certiorari proceedings.

In the Sinclair Case we similarly held that a refining company's action for a declaratory judgment to determine the effect of an amendatory zoning ordinance *upon two parcels of land owned by it,* was not well

---

1. Burns' §53-755 provides:

"A decision of the commission may be reviewed by certiorari procedure the same as that providing for the appeal of zoning cases from the decision of the board of zoning appeals.

"A petition for certiorari shall specify the grounds upon which the petition alleges the illegality of the commission's action. Such petition must be filed in the circuit court of the county in which the land is located within 30 days after the date of such decision.

"A change of venue from the county in which the property is located shall not be had in any cause arising under the provisions of this section." (Acts 1947, ch. 174, §55, p. 571.)

taken, and that the administrative procedure of the statute should be followed unless the entire ordinance was alleged to be void.

In the case before us the issues presented to the court below in the declaratory judgment action were not limited to the effect of the amendatory ordinance upon a certain tract of real estate, but an attack was made upon the amendatory ordinance without limitation as to the real estate affected.

We do not believe the rule in the Hardin, Marckle, and Sinclair Cases requiring a resort to the administrative remedy specified in the zoning statute should be extended to cases, such as the one before us, where the ordinance be it amendatory or not, is being attacked as to all real estate being affected by it within the city, as it here amounts in our opinion, to an attack on the ordinance in its entirety.

We believe the issues presented to respondent court in the court below were sufficiently broad to constitute an attack upon the ordinance in its entirety and that respondent court had jurisdiction to hear and determine the declaratory judgment suit pending before it.

The temporary writ of prohibition is accordingly dissolved and the permanent writ is denied.

Bobbitt, Achor and Arterburn, JJ., concur.

Emmert, C. J., concurs in holding an action for declaratory judgment lies, due to alleged lack of notice, under §§53-737 and 53-742, Burns' Ind. Statutes (1951 Replacement).

NOTE.—Reported in 148 N. E. 2d 558.