CLAYTON AMBURGEY, GLENNA AMBURGEY AND DUNELAND HEATING AND COOLING COMPANY, INC. *v.* RANDALL MILLER ET AL. AND CITY OF MICHIGAN CITY, INDIANA.

[No. 3-575A87. Filed May 17, 1977.]

*Hilbert L. Bradley,* of Gary, for appellants.

*Robert W. Gilmore, Jr.,* Deputy City Attorney, of Michigan City, for appellees.

GARRARD, J.—This appeal is from the action of the trial court dismissing appellants' (Amburgeys) amended complaint which attacked a city ordinance providing for the licensing of heating and ventilating contractors.

The ordinance (a portion of the city building code) provided for the examination and licensing of applicants. Section 13.08 stated that,

"Should an applicant fail to pass an examination, said applicant may be re-examined upon reapplying to the Licensing Board at least thirty (30) days prior to the next examination. If the applicant shall fail to pass such re-examination, he shall not be eligible to again file application for examination for a period of six (6) months. If the applicant be a partnership, joint venture, corporation or other business association, no other person of the same such business organization shall be entitled for and on behalf of such organization to an examination before the expiration of such six (6) month period."

Provision was made for a board of appeals to review actions of the licensing board and § 11.08 of the ordinance provided in part,

". . . that the Board of Appeals shall meet upon notice of the Chairman and within ten (10) days of the filing of an appeal."

Section 1709.9 provided,

"Any person aggrieved by a decision of the Board of Appeals, whether or not a previous party to the decision, or any City officer or official board may apply to either the Circuit or Superior Courts of LaPorte County, Indiana for a writ of certiorari to correct errors of law in such decisions. Application for review shall be made to one of such courts within fifteen days after filing of the Board's decision in the office of the Building Administrator."

Amburgeys' complaint alleged that Clayton and Glenna Amburgey were the sole stockholders of Duneland Heating and Cooling Co., Inc. It alleged that in December 1973, Mr. Amburgey had failed the license examination but had subsequently been granted a restricted permit to operate until October 14, 1974. In February 1975, he was charged with performing regulated work without a license. The complaint

further alleged that in February 1975, Mrs. Amburgey took the examination and failed to pass. Allegedly she then appealed to the Board of Licensing Appeals. Neither the complaint, which was originally filed on March 11, 1975, nor the amended complaint contain any allegation of action taken pursuant to that appeal. The amended complaint, which is quite confusing, asserted that the licensing ordinance was unconstitutional on its face and as applied to Amburgeys. It sought a declaration that the ordinance was unconstitutional, and for injunctive relief and damages. The defendants appeared and moved to dismiss the action for the reason that Amburgeys had not exhausted their administrative remedies. After hearing, the court determined the action was prematurely filed and dismissed the case without prejudice.

To the extent that the amended complaint alleged the licensing ordinance was unconstitutional on its face, dismissal was improper. Those allegations were litigable without deferring to administrative review. *City of East Chicago* v. *Sinclair Refining Co.* (1953), 232 Ind. 295, 111 N.E.2d 459; *City of South Bend* v. *Marckle* (1939), 215 Ind. 74, 18 N.E.2d 764.

We must also consider, however, the allegations that the ordinance was unlawfully or unconstitutionally applied to Amburgeys. Under *City of East Chicago, supra,* such allegations should be asserted under the review procedure provided.

The complaint disclosed that Amburgeys commenced such review. It did not assert an adverse determination. No additional materials were presented to the trial court by either party to establish whether a hearing was held; if so, the result; or, if not, why.

Where an act of the legislature prescribes the form and manner for administrative review and appeal, it is the general rule that the courts lack subject matter jurisdiction in the absence of a failure to exhaust the administrative remedies. *Pub. Svc. Comm'n.* v. *City of*

*Indianapolis* (1956), 235 Ind. 70, 131 N.E.2d 308. The rationale of the position that the failure to exhaust is jurisdictional arises from our view of special statutory actions. *See, Pub. Svc. Comm'n. v. City of Indianapolis, supra; Monon Railroad Co. v. Citizens, etc.* (1969), 146 Ind. App. 620, 257 N.E. 2d 846.

However, the power of the legislature, within the confines of the constitution, to define the jurisdiction of the courts is not likewise afforded to municipalities. *State v. Howard Cir. Ct.* (1957), 237 Ind. 263, 145 N.E.2d 4.[1] To the contrary, IC 1971, 18-1-1.5-18 specifically provides,

> "A city shall not have . . . power to regulate judicial administration or procedure."

Accordingly, with respect to a court of general jurisdiction, we hold that where there is no act of the legislature prescribing the administrative review to be had, the failure to follow administrative review procedures provided in a municipal ordinance does *not* deprive the court of jurisdiction of the subject matter or of the particular case.

That does not mean, however, that the necessity of exhausting administrative remedies has no application under such ordinances. It does, but under such circumstances it presents a question of the plaintiff's right to relief rather than the court's jurisdiction. Thus, the court might determine the availability of administrative review under the ordinance, and it might dismiss the action pursuant to Indiana Rules of Procedure, Trial Rule 12(B)(6) if it was prematurely brought. *Cf., State ex rel. Young v. Noble Cir. Ct.* (1975), 263 Ind. 353, 332 N.E.2d 99, recognizing the availability of TR. 12(B)(6) for failure to comply with a nonjurisdictional statutory procedure.

---

1. The Administrative Adjudication Act does not apply. *See Tippecanoe Valley School Corp. v. Leachman* (1970), 147 Ind. App. 443, 261 N.E.2d 880. Nor is there a specific state statute involved governing licensing and providing for appeals.

The problem with applying this reasoning to the record before us arises from the requirement of TR. 8(C) that one asserting a matter in abatement or other affirmative defense shall have the burden of pleading and proof. Since no one established what had occurred regarding the administrative review Mrs. Amburgey had apparently initiated, it was impossible for the court to determine on the materials before it either that Amburgeys failed to follow proper administrative remedies, or that their action was indeed still premature.

We must therefore reverse and remand for further proceedings.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 362 N.E.2d 869.