## ALLEGHANY CORPORATION

v.

**Harry E. EAKIN, Commissioner of Indiana Department of Insurance and The St. Paul Companies, Inc. and St. Paul Indemnity Insurance Company.**

No. IP 88–561–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Jan. 30, 1989.

On Motions to Amend March 20, 1989.

See also, 698 F.Supp. 809, 700 F.Supp. 460, 437 N.W.2d 666.

Phillip A. Terry and Brian W. Welch, McHale, Cook & Welch, Indianapolis, Ind., for plaintiff.

Samuel L. Bolinger, Indianapolis, Ind., for defendants.

Baker and Daniels, Indianapolis, Ind., Joe C. Emerson and Joseph J. Andrew, for intervenors.

STECKLER, District Judge.

This matter is before the Court on defendants' motion to dismiss pursuant to Fed.R. Civ.P. 12(b)(6) and 12(b)(1). Defendants Harry E. Eakin, Commissioner of Indiana Department of Insurance ("Commissioner"), the St. Paul Companies, Inc. ("St. Paul") and the St. Paul Indemnity Insurance Company ("St. Paul Indemnity") seek dismissal under either *Younger* or *Burford* abstention. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

Plaintiff, Alleghany Corporation, seeks declaratory judgment and injunctive relief to determine the constitutionality of certain provisions of the Indiana Insurance Holding Company Act ("Act"), Ind.Code §§ 27–1–23–1, *et seq.*

Defendants have also moved for oral argument on the motion to dismiss. The Court finds, however, that the issues have been so fully briefed that oral argument will not be necessary. Accordingly, the request for oral argument is denied.

Having considered the motions, briefs, testimony, and exhibits, the Court finds that defendants' motion to dismiss should be denied.

## I. Facts.

Alleghany is a Delaware corporation with its headquarters in New York. Its common stock is listed and traded on the New York Stock Exchange. Since its formation in the 1920's as a railroad holding company, it has bought and sold substantial minority positions in several companies. Alleghany is currently engaged in the sale and underwriting of title insurance and in the property and casualty insurance business.

St. Paul Companies, Inc. is incorporated in Minnesota with its headquarters in St. Paul, Minnesota. St. Paul is an insurance holding company and wholly owns St. Paul Fire and Marine Insurance Company, a Minnesota corporation, which in turn wholly owns St. Paul Indemnity, an Indiana stock insurance corporation. St. Paul Indemnity is a major provider of medical professional liability insurance for hospitals, physicians and surgeons in Indiana.

Ind.Code § 27–1–23–1, *et seq.*, authorizes the Indiana Insurance Commissioner to approve or disapprove the acquisition of more than 10% of the outstanding voting securities of an insurer incorporated in Indiana. The statute provides for state court review of the Commissioner's decision. Ind.Code § 27–1–23–12(a).

Alleghany is attempting to acquire more than 10% of St. Paul Indemnity as a part of its efforts to gain control of St. Paul Companies, Inc. The endeavor is subject to regulation in Indiana pursuant to Ind.Code §§ 27–1–23–1, *et seq.*, and in eight other states under similar statutes.

On November 19, 1987, Alleghany filed an Amended Form A pursuant to Section 60D.02 of the Minnesota Insurance Holding Company Act proposing to acquire up to 20% of the stock of St. Paul Companies, Inc. On January 11, 1988, a Deputy Commissioner of the Minnesota Department of Commerce, gave Alleghany approval to acquire up to and including 20% of the common stock of the St. Paul Companies, Inc. The decision of the Deputy Commissioner is currently under review in the Minnesota courts.

The Indiana Commissioner denied Alleghany's application on March 25, 1988. Applications were also disapproved in North Dakota (March 29, 1988), Wisconsin (April 7, 1988), and Nebraska (April 11, 1988. The Texas Department of Insurance issued a recommendation that the application be denied. California approved a similar application on March 14, 1988.

Alleghany did not initiate a proceeding in the Indiana state courts to overturn the Commissioner's conclusion that Alleghany had not satisfied the criteria necessary for his approval under the Indiana Act pursuant to Ind.Code § 27–1–23–12(a). Rather, Alleghany filed this action in federal court on May 12, 1988, to challenge on federal constitutional grounds the requirement that an insurance holding company must receive the insurance commissioner's approval before purchasing stock of an Indiana insurance company. Alleghany alleges that certain provisions of the Indiana Act violate the Commerce, Supremacy, and Due Process Clauses of the United States Constitution and 42 U.S.C. § 1983, because they permit the Commissioner to bar interstate securities transactions in the stock of a non-Indiana corporation between purchasers and sellers who reside in states other than Indiana. Alleghany also filed constitutional challenges against the analogous statutes in Nebraska, Wisconsin, and North Dakota.

## II. Abstention.

### A. *Younger* abstention.

The Supreme Court held in *Younger v. Harris, supra,* that it was inappropriate for a federal court to enjoin a pending state criminal prosecution. The Court's holding was based on the premise that equity should not act when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied a federal forum. The concepts of federalism and comity have been extended to noncriminal state administrative proceedings when those proceedings are judicial in nature and still pending (*Ohio Civil Rights Commission v. Dayton Christian Schools,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) and *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)) and, in 1987, to litigation between purely private litigants. *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987).

1. *Younger* applies to pending judicial proceedings and no proceedings are pending on Alleghany's application.

■ *Younger* requires that there be a pending state proceeding; that the federal

plaintiff seek to enjoin that proceeding; and that the state proceeding be one in which the state vindicates an important interest (a proceeding which is criminal, quasi-criminal or in the nature of a civil enforcement proceeding brought after a violation of state law or policy). The state proceeding must be "judicial in nature" and must provide the federal plaintiff a "full and fair opportunity" to raise his federal claims.

In *Dayton,* the Supreme Court ordered abstention for a state administrative proceeding which was part of an ongoing judicial proceeding. 477 U.S. at 628 n. 2, 106 S.Ct. at 2723 n. 2. A teacher at Dayton Christian Schools filed a complaint with the Ohio Civil Rights Commission alleging sexual discrimination. *Id.* at 623, 106 S.Ct. at 2721. After a preliminary investigation, the Commission found probable cause to believe that Dayton had discriminated against the teacher based on sex. *Id.* at 624, 106 S.Ct. at 2721. When Dayton failed to correct the situation, the Commission initiated administrative proceedings against Dayton. While the administrative proceedings were still pending, Dayton filed a 42 U.S.C. § 1983 action in federal court seeking to enjoin the Ohio Civil Rights Commission from proceeding with the administrative hearings. *Id.* In holding that the District Court should have abstained, the *Dayton* Court emphasized that concern for comity and federalism applies to pending administrative proceedings (of a judicial nature) as well as to pending proceedings in state court. *Id.* at 627, 106 S.Ct. at 2723.

Thus, when important state interests are implicated in a proceeding and intervention in that *ongoing* proceeding would create a needless intrusion of the federal court into the state proceeding, the federal court should abstain. *See Moore v. Sims,* 442 U.S. 415, 423, 99 S.Ct. 2371, 2377, 60 L.Ed. 2d 994 (1979); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604–605, 95 S.Ct. 1200, 1208, 43 L.Ed.2d 482 (1975).

In the case before the Court, however, plaintiffs have received a final determination on their application to acquire control of St. Paul Indemnity. This determination cannot be characterized as "ongoing" or "pending."

True, Alleghany could have availed itself of judicial review of the denial of its application in the Indiana state courts pursuant to Ind.Code § 27–1–23–12(a). Alleghany chose not to challenge its individual decision but instead attacked the validity of the statute in its entirety. Review of the individual decision or the constitutionality of the procedures as applied to Alleghany would have been the exclusive domain of the state court as identified in the statute. *See Thompson v. Medical Licensing Board,* 180 Ind.App. 333, 389 N.E.2d 43, 47 (1979); *State ex rel. Paynter v. Marion County Superior Court Room No. 5,* 264 Ind. 345, 344 N.E.2d 846 (1976); *Indiana Bell Telephone Co. v. Friedland,* 175 Ind. App. 622, 373 N.E.2d 344 (1978).

However, Indiana law indicates that when a plaintiff attacks the validity of the ordinance in its entirety, it is unnecessary for the plaintiff to follow the statutory appeal procedure. *See Indiana Waste v. Board of Commissioners of County of Howard,* 180 Ind.App. 385, 389 N.E.2d 52, 56 (1979); *see also State ex rel. City of South Bend v. St. Joseph Superior Court,* 238 Ind. 88, 148 N.E.2d 558 (1957); *State ex rel. City of South Bend v. Marckle,* 215 Ind. 74, 18 N.E.2d 764 (1939).

In this case, no state judicial proceedings are pending and the concluded administrative proceedings before the insurance commissioner did not deal with the constitutional issues raised here. Indeed, constitutional issues are not within the domain of administrative proceedings. *Wilson v. Board of Indiana Employment Security Division,* 270 Ind. 302, 385 N.E.2d 438, 441 (1979); *see also Mogilner v. Metropolitan Plan Commission,* 236 Ind. 298, 140 N.E. 2d 220, 229 (1957).

To force Alleghany to litigate its constitutional challenge to the Indiana statute exclusively in state court would result in the unnecessary contraction of federal jurisdiction deplored by the Court of Appeals for the Seventh Circuit in *People of State of Illinois v. General Elec. Co.,* 683 F.2d 206, 212 (1982), *cert. denied,* 461 U.S. 913,

103 S.Ct. 1891, 77 L.Ed.2d 282 (1983). Here, as in that case,

> No state suit had even been filed when the federal suit was filed, let alone had proceeded to the point where the exercise of federal jurisdiction would have interrupted an active state court litigation. *Id.*

The Seventh Circuit ruled that in such a situation abstention was inappropriate.

Recently the Fifth Circuit ruled that abstention was not required when neither state administrative nor state judicial proceedings are pending.

> A person who contends that his constitutional rights have been violated by a state administrative proceeding is not required to resort to an appeal to state courts before seeking relief in a federal forum. At the time this suit was filed, no state action was pending.... When no state proceedings are pending, a federal action does not interfere with or insult state processess and 'the policies on which the *Younger* doctrine is premised have little force....

*Thomas v. Texas State Board of Medical Examiners*, 807 F.2d 453, 456–57 (5th Cir. 1987) quoting *Concerned Citizens of Vicksburg v. Sills*, 567 F.2d 646, 650 (5th Cir.1978).

The Supreme Court has expressly refused to abstain under *Younger* where "[n]o state proceedings were pending against" the federal plaintiffs. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 930, 95 S.Ct. 2561, 2567, 45 L.Ed.2d 648 (1975). As the Court noted in *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), "when no state proceeding is pending ... considerations of equity, comity and federalism have little vitality." *Id.* at 462, 94 S.Ct. at 1217. In its most recent decision, *Pennzoil Co. v. Texaco, Inc.*, the Court reiterated the importance that state proceedings be ongoing for abstention to be appropriate:

> This concern mandates application of *Younger* abstention not only when the *pending* state proceedings are criminal but also when certain civil proceedings are *pending*. (Emphasis added.) *Id.* at 1526.

The thirty-day period in which Alleghany could have sought state judicial review of its order has long lapsed. This is irrelevant, however, to the issue of abstention. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 n. 22, 95 S.Ct. 1200, 1211 n. 22, 43 L.Ed.2d 482 (1975); *Allstate Insurance Co. v. Sabbagh*, 603 F.2d 228, 234 (1st Cir. 1979). The decision not to abstain is based on the precedents which preclude abstention on these facts rather than on the party's tactical decision to forego state review.

The issue here is whether the state court forum is the exclusive remedy afforded the complainant to litigate its constitutional challenge to the statute. As the Seventh Circuit noted:

> There must be something wrong with this argument, because if it were accepted it would prevent people from ever challenging the constitutionality of state legislation in federal court. Every time someone brought a suit to have a state law declared unconstitutional the state would immediately file an action in state court to enjoin violation of the statute and then move the federal district court to stay or dismiss the federal suit, thereby forcing the federal plaintiff to litigate his federal claims by way of defense in the state court action.
>
> \* \* \* \* \* \*
>
> [V]irtually no federal suit could ever be brought to challenge the constitutionality of a state statute....

*General Electric*, 683 F.2d at 212.

The case at bar does not require abstention by the district court. Mandating abstention here would relieve federal courts of the adjudication of federal constitutional rights, "their native area of competence and jurisdiction." *Family Div. Trial Lawyers v. Moultrie*, 725 F.2d 695 (D.C.Cir. 1984).

2. *Younger* applies when the federal plaintiff has violated the law or the state has initiated enforcement proceedings; Alleghany has not violated the law and the state has not initiated enforcement proceedings.

Alleghany initiated these proceedings by seeking the Indiana Insurance Commission-

er's approval of its attempt to acquire control of St. Paul Indemnity. Alleghany has not violated the order of the Commissioner refusing its request nor has Indiana initiated enforcement proceedings against Alleghany. Federal jurisdiction would not create an intrusion on the state's procedures.

The Seventh Circuit in *General Electric* explained that:

> *Younger* holds that the state's interest in enforcing its laws without interference from a federal court takes precedence over the federal claimant's interest in litigating his claim in a federal forum. But the federal plaintiffs in the present case did not violate state law, so the state could not have brought a penalty action against them. The state's interest in maintaining law and order through enforcement of its penal statutes was not impaired by the federal lawsuit and the principle of the *Younger* case is therefore inapplicable. It is not the order of the suits that is important to the *Younger* doctrine but whether a state statute has been violated and the violator is being sued in state court.

*General Electric*, 683 F.2d at 212.

*Pennzoil* likewise does not suggest a rejection of the requirement that either a law be violated or enforcement procedures be initiated by the state for abstention to be appropriate. While the pending state proceeding in *Pennzoil* was initiated by a private party against the federal plaintiff, the Court noted that the privately initiated state proceeding was part of "the process by which the state compels compliance with the judgments of its courts." *Pennzoil*, 107 S.Ct. at 1527.

*Younger* abstention as expanded by *Pennzoil* still requires the existence of:

(1) a state enforcement proceeding brought against a state defendant; and

(2) ongoing state proceedings of a judicial nature involving the federal plaintiff.

These necessary requirements for *Younger* abstention are missing in this case. The Court will not dismiss based on *Younger* principles.

## B. *Burford* abstention.

Defendants also seek dismissal of the case under the Supreme Court's decision in *Burford v. Sun Oil Co. Burford* abstention is appropriate where federal jurisdiction would impermissibly disrupt the uniform application of a complicated state regulatory scheme. *Colorado River Water Cons. Dist. v. U.S.*, 424 U.S. 800, 815, 96 S.Ct. 1236, 1245, 47 L.Ed.2d 483 (1976). The Court in *Burford* determined that abstention was appropriate because of "the actual nonlegal complexities in the case; the "sheer quantity of exception cases" and the role of the Texas courts as "working partners in creating a regulatory system for the oil industry." *Burford* 319 U.S. at 323, 324, 326, 63 S.Ct. at 1102, 1103, 1103. The Court was concerned about the "confusion of multiple review." *Id.* More recently the Court has maintained that *Burford* or any other abstention is inappropriate "merely because resolution of a federal question may result in the overturning of a state policy." *Zablocki v. Redhail*, 434 U.S. 374, 379, n. 5, 98 S.Ct. 673, 678, n. 5, 54 L.Ed.2d 618 (1978).

1. *Burford* abstention is appropriate when state law issues exist within a complex state regulatory system; such issues do not exist here.

*Burford* applies to situations in which the federal court is being asked to decide complex issues of state regulatory law. *Burford* arose as a diversity action in which interpretation of Texas gas and oil regulations was required. The Court ruled that abstention was proper, deferring to the greater state court expertise in the regulatory area and avoiding needless intrusion of the federal court into the state's uniform regulatory system.

State law is not at issue in this case. While Indiana (and all states) regulates insurance services to policy holders under the McCarron–Ferguson Act, 15 U.S.C. §§ 1011–1015, the Court is not being asked to analyze any unsettled or complex issues of Indiana insurance law. The constitutional issues raised by Alleghany will not

require the Court to "immerse itself in the technicalities of the state's [administrative] scheme." *Izzo v. River Edge*, 843 F.2d 765, 769 (3d Cir.1988).

*Burford* abstention, thus, cannot be invoked merely because the validity of a state regulatory statute is at issue. *See Zablocki*, 434 U.S. at 379 n. 5, 98 S.Ct. at 678 n. 5 (1978).

 2. *Burford* abstention is most appropriate when the state regulatory legislation designates a specific court for review of the administrative decisions; none is designated here.

In *Burford*, the Texas legislature had designated a specific court to review administrative decisions of the railroad commission. *Burford*, 319 U.S. at 326–327, 63 S.Ct. at 1103–04. Federal intervention would have undermined the authority of the designated courts and squandered the specialized expertise of those courts.

At times, the failure to designate a specific court for review of a state regulatory system has proven fatal to attempts to invoke *Burford* abstention. For example, the Seventh Circuit declined to abstain on *Burford* grounds in *Board of Education v. Bosworth*, 713 F.2d 1316 (7th Cir.1983) in part because the "adjudication of issues raised by the policy is not entrusted to a specialized tribunal." *Id.* at 1320.

Ind.Code § 27–1–23–12(a) does not specify that review of decisions of the insurance commissioner is restricted to a specific Indiana state court. Rather, the statute directs complainants to the general review of any state court as provided under the Indiana Administrative Adjudication Act (Ind.Code § 4–21.5–5–6).

Abstention under *Burford* here would be inappropriate because no complex issues of state regulatory law are involved and the state has not created specific review courts for decisions of the Insurance Commissioner regarding acquisition of insurance holding companies.

III. Conclusion.

It is well recognized that "[a]bstention from the exercise of federal jurisdiction is

the exception, not the rule." *Colorado River*, 424 U.S. at 813, 96 S.Ct. at 1244. When, as in this case, (1) there is no pending administrative or judicial proceedings; (2) the plaintiff has violated no law and the state has initiated no enforcement proceedings; (3) no state law issues must be decided within a complex regulatory system; and (4) the state has not designated a specific court for review, abstention is not called for and would unnecessarily contract federal jurisdiction.

Accordingly, for all the foregoing reasons, the Court hereby DENIES defendants' motion to dismiss plaintiff's complaint.

### ON MOTIONS TO AMEND

This matter is before the Court upon the motions of all defendants to amend this Court's January 30, 1989 order to allow an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendants, Eakin, St. Paul Companies, Inc., and St. Paul Indemnity Insurance Company, wish to appeal the Court's order denying defendants' motions to dismiss the complaint. Plaintiff opposes the motion. Having considered the motion, the Court finds that the motion to amend the order should be granted.

A district court may certify an order for immediate appeal if the judge is of the opinion that the order involves a controlling issue of law which is subject to a difference of opinion and "that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b). Here the Court finds that its order of January 30, 1989, meets this standard. Accordingly, the Court hereby GRANTS the motions to amend the order.

The order of January 30, 1989 is amended to include the following concluding paragraphs:

It is well recognized that '[a]bstention from the exercise of federal jurisdiction is the exception, not the rule.' *Colorado River*, 424 U.S. at 813 [96 S.Ct. at 1244]. When, as in this case, (1) there is no pending administrative or judicial pro-

ceedings; (2) the plaintiff has violalted no law and the state has initiated no enforcement proceedings; (3) no state law issues must be decided within a complex regulatory syustem; and (4) the state has not designated a specific court for review, abstention is not called for and would unnecessarily contract federal jurisdiction.

Accordingly, for all the foregoing reasons, the Court hereby DENIES defendants' motion to dismiss plaintiff's complaint.

In the Court's opinion, this decision involves a controlling question of law as to which there is substantial ground for difference of opinion. An immediate appeal from this order denying defendants' motion to dismiss may materially advance the ultimate termination of the litigation.

Pursuant to Fed.R.Civ.P. 60(a), the Court also amends the order at page four, line thirteen, as follows:

Replace "April" with "May."

IT IS ORDERED that the Court's order of January 30, 1989, be so amended.

IT IS FURTHER ORDERED that these proceedings are stayed pending further action of the Court.