STATE EX REL. WHITE *v.* HILGEMANN, JUDGE.

[No. 27,548.   Filed May 27, 1941.]

*Judgment for relator.*

*Clyde White,* of Michigan City, *per se.*

*George N. Beamer,* Attorney General, and *Norman E. Duke,* Deputy Attorney General, for the State.

FANSLER, C. J.—The relator was convicted of murder in the first degree and sentenced to life imprisonment in the Allen Circuit Court. He was represented at the trial by an attorney of his own choosing, and whom, it is presumed, he had means to pay for the service rendered. A motion for a new trial was overruled. The defendant desires to appeal to this court, assigning error in the trial. The attorney who had represented him declined to undertake the preparation of the record and to prosecute the appeal, upon the ground that, because of lack of training and experience in appellate procedure, he believed himself incapable. At this point it was made to appear to the satisfaction of the court that the defendant was a poor person without means with which to procure a competent attorney or proceed with his defense. The learned trial judge indicated his willingness to order the preparation of a bill of exceptions and a transcript of the record, but, unable to find authority for the appointment of counsel to perfect the appeal at the expense of the county, declined the appointment of counsel. This proceeding seeks an order mandating the trial court to appoint counsel for the relator to perfect and present an appeal from the judgment against him to this court.

That the relator is a poor person without means of employing counsel is not questioned, and his right to have counsel previous to and at the trial is not questioned. The records of this court will disclose many cases in which counsel appointed to defend before the beginning of the trial has continued serving to perfect and present an appeal, and that would have been the case here, no doubt, except for counsel's lack of confidence in his adequacy.

We have held that attorneys appointed by the court to defend poor persons in criminal actions cannot be required to serve without compensation; that the Constitution requires that such persons shall have counsel; and that courts have inherent power to incur the expense and order compensation for counsel paid out of county funds. *Knox County Council* v. *State ex rel. McCormick* (1940), 217 Ind. 493, 29 N. E. (2d) 405, 130 A. L. R. 1427. The case cited and those relied upon in the opinion involve the appointment of an attorney to represent the defendant before and during the trial. The right of a defendant in a criminal case to have counsel to perfect and prosecute an appeal to this court seems not to have been expressly decided. A determination of the question involves a consideration of the provisions of the Constitution of Indiana and of the due process clause of the Federal Constitution.

In *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399, it was concluded, upon a careful consideration of the authorities, that the Constitution of Indiana guarantees an absolute right to a review by this court; that the Legislature has the right to regulate and provide procedure for obtaining a review, but not to curtail or deny the right. Review has been made available by the statutory appeal,

but the right to review is available in all cases, and, where the statutory appeal is inadequate, the writ of error or other appropriate means may be resorted to.

The United States Supreme Court has repeatedly declared that due process guaranteed by the Federal Constitution requires a trial in a state court, conforming to the fundamental conceptions of justice which lie at the base of our civil and political institutions, and that if the state supplies no corrective process the federal courts will intervene to protect the life or liberty of the citizen from a judgment where the trial is not conducted according to such standards. *Mooney* v. *Holohan, Warden* (1935), 294 U. S. 103, 55 S. Ct. 340, 79 L. Ed. 791, 98 A. L. R. 406; *Frank* v. *Mangum, Sheriff* (1915), 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969; *Moore et al.* v. *Dempsey, Keeper, etc.* (1923), 261 U. S. 86, 43 S. Ct. 265, 67 L. Ed. 543. We must construe these cases to mean that, where the state does not provide corrective judicial process, the federal courts will review upon the assertion of substantial error involving due process. This rule was recognized in *State ex rel. Kunkel et al.* v. *Circuit Court of La Porte County* (1936), 209 Ind. 682, 685, 200 N. E. 614, 615, and it is pointed out that: "In this state a motion for a new trial or petition for writ of error *coram nobis* are available as a remedy in such cases, with the right of review by this court for error."

But the mere naked right to a review for error and to have counsel is not sufficient. The right must be made available for the purposes for which it is granted. The right to a review is but a hollow grant to one who cannot provide himself, and is not provided, with counsel, learned and skilled in the law; and therefore withholding counsel as a practical matter withholds the right to review, and hence to corrective judicial process,

and hence to due process of law. In *Johnson* v. *Zerbst, Warden* (1938), 304 U. S. 458, 467, 58 S. Ct. 1019, 1024, 82 L. Ed. 1461, 1468, it is said: "Urging that—after conviction—he was unable to obtain a lawyer; was ignorant of the proceedings to obtain new trial or appeal and the time limits governing both; and that he did not possess the requisite skill or knowledge properly to conduct an appeal, he says that it was—as a practical matter—impossible for him to obtain relief by appeal. If these contentions be true in fact, it necessarily follows that no legal procedural remedy is available to grant relief for a violation of constitutional rights. . . ." In *Batchelor* v. *State* (1920), 189 Ind. 69, 76, 77, 125 N. E. 773, 776, this court said: "It has been held that a constitutional right to be heard by counsel is not limited to the right to be heard by counsel at the trial, but that the spirit of the provision contemplates the right of accused to consult with counsel at every stage of the proceedings." The opinion then quotes with approval the following: " 'Undoubtedly the clause of the Constitution under consideration was adopted to secure to the accused person all the benefits which could flow from the employment of counsel to conduct his defense; and to give him those it is essential that he should be allowed to consult with his counsel not only during the actual trial, but prior thereto, in order to prepare for his defense. Where a right is conferred by law, everything necessary for its protection is also conferred, although not directly provided for.' " The Batchelor case deals with the right to counsel before and during the trial, but the reasoning supports the view that the defendant is entitled to have counsel to advise him and represent him on appeal.

When a person is called upon to defend himself against a charge of crime he is presumed to be innocent until his guilt is proven. Our procedure for correcting error upon a trial is by appeal, and is not conditioned upon a preliminary showing of probable error. The reviewing court cannot see whether there is error until the appeal is perfected. It must be assumed that the trial court was not conscious of error or the error would have been corrected there. The review by appeal contemplates an examination of the record to discover whether there was error prejudicial to the defendant's substantial rights. This examination cannot be had until a proper record and a proper assignment of error and a proper brief are presented to this court. If a defendant is denied counsel he is effectively deprived of the right to review contemplated by both Constitutions.

From what has been said, we must conclude that one accused of crime has the right to be provided with counsel literally "at every stage of the proceedings," including the proceedings by which he may seek a review for error by appeal.

It is the duty of the trial court to appoint competent counsel to advise the defendant in the first instance. This does not mean, however, that counsel must violate ethical standards and his conscience by interposing defenses where there is no good-faith basis for such action. The constitutional requirement is satisfied when the defendant has had the benefit of the advice and guidance of a reputable and competent attorney. If at any stage of the proceedings the appointed counsel is unable to continue, it is the duty of the trial court to appoint other reputable and competent counsel so that the defendant shall have the benefit of counsel at all stages and until an appeal is perfected

and determined, if an appeal is advised. But if competent counsel finds no substantial error to assign upon appeal, and so advises the defendant and the trial court, the constitutional requirement is satisfied and the defendant may not demand that the trial court find and appoint other counsel who will advise an appeal.

This original action was begun within the time allowed for the filing of a bill of exceptions and for perfecting an appeal. There has been delay in determining the questions involved. The relator should not be prejudiced by this delay.

It is ordered that the respondent appoint competent counsel to advise and represent the relator, and, upon the request of counsel so appointed, furnish relator with a bill of exceptions and a transcript of the record at the expense of the county; and that the time for filing the defendant's bill of exceptions be extended for sixty days from the filing of this opinion; and the time for perfecting the appeal is extended for sixty days from the filing of this opinion.

NOTE.—Reported in 34 N. E. (2d) 129.