JOSEPH E. SEAGRAM & SONS, INC., *v.* BOARD OF COMMISSIONERS OF LAWRENCEBURG FLOOD CONTROL DISTRICT.

[No. 27,732. Filed January 5, 1943.]

*T. M. Galphin, Jr.,* of Louisville, Kentucky (*Ogden, Galphin, Tarrant & Street* of Louisville, Kentucky, of counsel), for appellant.

*Charles A. Lowe,* of Lawrenceburg (*William M. Turner* and *Loren L. Edwards,* both of Lawrenceburg, of counsel), for appellee.

RICHMAN, C. J.—Appellee has filed a motion to dismiss this appeal on the ground that the proceeding below was under the Flood Control Act of 1939 which in § 3, being § 48-4931, Burns' 1933 (Supp.), § 11759-2, Baldwin's Supp. 1939, declares: "There shall be no appeal from such judgment, and after the entry of such decree the establishment of said district shall not be questioned in any action or proceeding, except as herein otherwise expressly provided."

The General Assembly may not thus take from this court its constitutional appellate jurisdiction. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399, *State ex rel. White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 34 N. E. (2d) 129.

The only substantial question for consideration is whether or not appellant's warehouse "E" will be included within or protected by the proposed flood con-

trol works." See § 48-4932, Burns' 1933 (Supp.), § 11759-3, Baldwin's Supp. 1939. Appellant says that on the undisputed evidence this was a question of law erroneously decided. Appellee says it was a question of fact sustained by sufficient evidence.

The evidence discloses that the warehouse is rectangular in shape with north and south walls about twice as long as the east and west walls. The entrance doors are in the east wall. Appellee's proposed levee approaches the warehouse from the south and ties into the south wall some distance west of the southeast corner of the building. On the north side of the building the levee is tied into the north wall and then continues northward around other of appellant's warehouses. From the place in the south wall where the levee is attached, westward to the southwest corner, thence northward to the northwest corner and thence eastward to the place where the levee is attached to the north wall the said walls are so constructed, at very large expense to appellant, as to act as a flood barrier. In other words the said walls in conjunction with the levee attached to opposite sides of the building form a continuous dike against flood waters. It is conceded that the land east of and contiguous to the building, furnishing access thereto, as well as the land upon which the building stands, was flooded in 1937.

The statute, which authorizes the taxation of property to support the flood control works, does not require that property assessed shall be protected exclusively by the levee. While the building is protected partly by its own flood proof walls, they would not keep out the water except for the levee. We therefore conclude that the building is "protected by the proposed flood control works" within the meaning of the statute. If this is a question of law it must be

resolved against appellant, if a question of fact the trial court's decision will not be disturbed.

The judgment is affirmed.

O'Malley, J., not participating.

NOTE.—Reported in 45 N. E. (2d) 491.