STATE OF INDIANA ON THE RELATION OF WILLIAM T. PAYNTER, M.D., SECRETARY, INDIANA STATE BOARD OF HEALTH *v.* THE MARION COUNTY SUPERIOR COURT, ROOM NO. 5, THE HONORABLE MICHAEL T. DUGAN, II, AS JUDGE OF THE MARION COUNTY SUPERIOR COURT, ROOM NO. 5.

[No. 1175S348. Filed March 31, 1976. Rehearing denied May 27, 1976.]

346

*Michael Schaefer, Wayne E. Penrod,* Office of the Attorney General, for relators.

*David F. McNamar, Robert W. McClelland,* of Indianapolis, for respondents.

ARTERBURN, J.—On July 8, 1975, the Indiana Health Facilities Council of the State Board of Health issued a notice of hearing to one Betty Miller. The notice informed its recipient that the Health Facilities Council, after investigation, had deemed it a possibility that she was operating a health facility without a license. It went on to say that the hearing had been scheduled for September 9, 1975, to determine whether or not a health facility was being operated and, if so, whether it was being operated in violation of any rules or regulations adopted by the Health Facilities Council.

Miller filed a Motion to Dismiss with the Council on September 11, 1975. On September 27, 1975, the hearing officer overruled this motion and ordered Miller to answer Requests for Admissions and Interrogatories filed on September 22. The hearing officer also ruled on September 27 that he had jurisdiction over both the subject matter and the person of Betty Miller.

On October 9, 1975, Betty Miller filed a Verified Complaint for Writ of Prohibition in the Superior Court of Marion County, Court No. 5, requesting that the agency be restrained from further proceedings against her. On October 16, 1975, the Honorable Michael T. Dugan entered a temporary injunction (termed in the court below a "writ of prohibition") prohibiting the Health Facilities Council from proceeding further against Miller. A hearing was set for October 30, 1975. On October 23, 1975, the Council, through the offices of the Attorney General, filed a Motion to Vacate Temporary Writ of Prohibition, which was denied.

The agency on November 17, 1975, filed a petition for a Writ of Prohibition with this court. A temporary writ against

Marion County Superior Court No. 5, the Honorable Michael T. Dugan, II, Judge, to refrain from enforcing the provisions of its orders was issued by this court on November 24, 1975. We now consider whether that writ should be made permanent.

I.

In determining the propriety of the "Writ of Prohibition" granted by the court below, we must consider whether the administrative remedies provided are adequate:

> "It is established law in this state that there is an inherent right to appeal to the courts for relief against the violations of personal or property rights as a result of administrative action. The legislature may not absolutely deprive one of such relief or judicial review. *However, where the statute provides for a procedure for such review or for a judicial remedy, it excludes any common law or equitable procedure to the extent such statutory provisions are adequate in protecting and preserving such substantive rights guaranteed by the constitution, the statutes or general principles of law. Such statutory procedure must be followed at least to the extent of the remedy available before resort is made to any common law or equitable remedy. Ballman* v. *Duffecy, supra,* (1952) 230 Ind. 220, 102 N.E.2d 646; *Joseph E. Seagrams & Sons* v. *Board of Com'rs.,* (1943) 220 Ind. 604, 45 N.E.2d 491; *State ex rel. White* v. *Hilgemann, Judge,* (1941) 218 Ind. 572, 34 N.E.2d 129; *Warren* v. *Indiana Telephone Co.,* (1940) 217 Ind. 93, 26 N.E.2d 299." (emphasis added) *Public Service Commission* v. *City of Indianapolis,* (1956) 235 Ind. 70 at 83, 131 N.E.2d 308 at 313. We do not see that the action of the court below can stand against this analysis.

We first consider the Respondents' challenge to the Indiana Health Facilities Council's jurisdiction. This presents a question of law and fact: whether the facility is a health facility and, therefore, whether the facility falls under the jurisdiction of the Council. The term "health facility" is rather precisely defined by statute. Ind. Code § 16-10-2-3 (Burns 1973) reads in part:

> "*Definitions.*—As used in this act [16-10-2-1—16-10-2-19], and unless a different meaning appears from the context:
> (a) The term 'health facility' means and shall be con-

strued to include any building, structure, institution, or other place, for the reception, accommodation, board, care or treatment extending beyond a continuous twenty-four [24] hour period in any week of more than two [2] unrelated individuals requiring, in apparent need of, or desiring such services or combination of them, by reason of age, senility, physical or mental illness, infirmity, injury, incompetency, deformity, or any physical, mental or emotional disability, or other impairment, illness or infirmity, not specifically mentioned hereinabove, and shall include by way of illustration, but not in limitation thereof, institutions or places furnishing those services usually furnished by places or institutions commonly known as nursing homes, homes for the aged, retirement homes, boarding homes for the aged, sanitariums, convalescent homes, homes for the chronically ill, homes for the indigent: Provided, however, That the reception, accommodation, board, care or treatment in a household or family, for compensation of a person related by blood to the head of such household or family, or to his or her spouse, within the degree of consanguinity of first cousins, shall not be deemed to constitute the premises in which the person is received, boarded, accommodated, cared for or treated, a health facility: Provided further, That any state institution or any municipal corporation may specifically request such licensure and upon compliance with all sections of this act and upon compliance with all existing rules and regulations, the petitioning facility may then be so licensed under the provisions of this act.

(b) The term 'health facility' within the meaning of this act shall not mean or be construed to mean or include, respectively, hotels, motels, or mobile homes when used as such, hospitals, mental hospitals, institutions operated by the federal government, boarding homes for children, schools for the deaf or blind, day schools for the retarded, day nurseries, children's homes, child placement agencies, offices of practitioners of the healing arts, offices of Christian Science practitioners, industrial clinics providing only emergency medical services or first-aid for employees, and any hospital, sanatorium, nursing home, rest home, or other institution wherein any health care services and private duty nursing services are rendered in accordance with the practice and tenets of the religious denomination known as the Church of Christ Scientist."

If any thing is clear it is that the Health Facilities Council is empowered to determine whether a facility falls within the statutory definition. Ind. Code § 16-10-2-7 (Burns 1973)

is the statute under which the hearing in question was initiated:

> *"Operation without license — Hearing — Cease and desist order.*—Should the council, after investigation, deem it a possibility that any person is operating a facility as defined in said act [16-10-2-3] and, said facility is being operated without a license to do so, or that a licensed or unlicensed facility is operating in violation of this act [16-10-2-1—16-10-2-19] or rules or regulations duly promulgated hereunder, the council shall have the power to summon such person to a hearing. The council may conduct a hearing or may appoint a member of the council as hearing officer. Such hearing shall be conducted in the manner provided by law. The purpose of the hearing shall be to determine whether or not any facility, as defined in this act, is being operated within this state in violation of this act or in violation of any rule or regulation adopted hereunder. If after the hearing, the council determines that any such facility is being operated in violation of this act or in violation of any rule or regulation adopted thereunder, the council may issue an order to cease and desist the operation of said facility."

The challenge to jurisdiction here is really no challenge to jurisdiction at all. It is merely a denial of the allegations against Respondents. To say that this should deprive the Health Facilities Council of jurisdiction is to suggest that a criminal trial court is without jurisdiction over a defendant who pleads not guilty. Our criminal courts do not have jurisdiction over just "criminals." They have jurisdiction over persons accused of crimes. Similarly, the Health Facilities Council has jurisdiction over persons *possibly* operating a health facility and has the power to determine whether such an operation exists.

The question of law presented here is properly defined, then, as whether the particular facility involved falls within the statutory definition. That determination must be left with the agency unless merit is found in the Respondents' other two issues or unless the administrative process is found to be in some other way inadequate.

The Respondents also urge error in the order of the Health

Facilities Council to answer requests for admissions and interrogatories. "The Fifth Amendment prohibits compelling any person 'in any criminal case to be a witness against himself.' The applications have little in common with the literal words. The phrase 'in any criminal case' is interpreted to mean any proceeding of any kind, or even an investigation without a proceeding, whether judicial, administrative, or legislative." 1 K. Davis, *Administrative Law Treatise* § 3.07 at 194 (1958). The contention that the Council's order violated this privilige is indeed bizarre. Nowhere is it contended that this privilege was at any time asserted. It may be asserted in any response to the order. Subsequent enforcement would have to be sought through the courts. *State* v. *Frye,* (1974) Ind. App., 315 N.E.2d 399. Until such time, this issue can only be considered speculation.

The Respondents also raise the issue of the constitutionality of the hearing procedure initiated by the Health Facilities Council. Due process objections are premised upon our decision in *City of Mishawaka* v. *Stewart,* (1974) 261 Ind. 670, 310 N.E.2d 65. That decision involved an employee discharge proceeding before the Board of Public Works and Safety of the respondent city. That board then consisted of the city controller and the city attorney. The city attorney also represented the complaining party, the City Fire Department. Though denominated a "hearing", this proceeding was found to be essentially adversary in nature. The dual role of the city attorney as both prosecutor and judge was found to be violative of the minimum procedural safeguards that such administrative hearings must provide. Absent the participation of the city attorney, the board was without a quorum and the discharge was overturned.

The statute authorizing the procedures initiated here does not on its face present a situation paralleling that of the *Mishawaka* case. The Respondents point to the fact that a member of the Council which ultimately must decide the case also may serve as a hearing officer. This hearing officer,

however, does not perform the adversary role found in the *Mishawaka* proceeding. The Respondents also point out that the Attorney General of Indiana advises the Health Facilities Council in both its investigative-prosecuting and decision making roles. This does not at all equate with the *Mishawaka* situation. The Attorney General may advise, but it is the Council itself which decides.

"We acknowledge that the proceedings before administrative bodies are not required to be conducted with all of the procedural safeguards afforded by judicial proceedings, even when such proceedings are judicial in nature. We accept a lower standard in proceedings before quasi-judicial bodies because it would be unworkable to do otherwise. There are, nevertheless, standards below which we should not go." *City of Mishawaka* v. *Stewart, supra* at 68. The statute in question does not on its face go below such standards. The mere designation of a hearing officer from the membership of the Council and the role of the Attorney General as advisor does not raise such a spectre of partiality that objective decisions cannot be expected.

To us the principle involved here is fundamental and very clear. We have three separate departments of government and one department may not, unless constitutionally provided, infringe upon that of the other. An administrative board created by statute as in this case, for the purpose of regulating and investigating nursing homes, is an arm and part of the executive department. That department has a right and duty to enforce the laws of this state under the Constitution as part of that function. It must investigate and hold hearings if necessary and make decisions from the evidence produced.

Such a board is not a court and does not perform a strictly judicial function under the Constitution. Therefore, the courts cannot impose upon it court-made rules. We cannot, in other words, attempt to convert it into a little court. An administrative board has a right to determine whether or not the matter to be investigated falls within

the purview of its authority and duties to enforce the law, as attempted in this case.

A determination by an administrative board that it has authority to act in a given case may be subjected to judicial review under the Administrative Adjudication Act, as may findings of fact. Ind. Code § 4-22-1-14 (Burns 1974). The Respondents have not shown that this remedy at law is inadequate. No Fifth Amendment rights are jeopardized. No savings in the cost or time of litigation have been demonstrated.

The statute here affords an adequate administrative procedure and review. It is fundamental that no one is entitled to judicial relief until the prescribed administrative remedies have been exhausted. This principle cannot be circumvented by merely asserting that the investigation by the administrative body is groundless. *Myers* v. *Bethlehem Shipbuilding Corporation,* (1938) 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638. The intervention of the court below was accordingly improper.

## II.

While determining the propriety of the issuance of the writ of prohibition below, we must consider the propriety of the same relief here. "Original actions for writs are viewed with disfavor. Counsel will not be allowed to use such writs as a vehicle for circumventing the normal appellate process. Writs will be granted only when a denial would result in extreme hardship." Ind. R. O.A. (A).

An original action may be pursued whenever a trial court exceeds its jurisdiction. *State ex rel. Ely* v. *Allen Circuit Court,* (1973) 261 Ind. 419, 304 N.E.2d 777. The court below did indeed exceed its jurisdiction in issuing the writ of prohibition in this case. We find, moreover, that the Indiana Health Facilities Council faces hardship in terms of a halt of administrative processes. We

find this sufficient to justify the extraordinary remedy requested.

The temporary writ of prohibition granted by this court on November 24, 1975, on this case is made permanent.

Givan, C.J., Prentice, J., concur; DeBruler, J., concurs with opinion; Hunter, J., concurs in result with opinion.

## CONCURRING OPINION

DeBruler, J.—I concur with one reservation. In order to sustain a claim for extraordinary relief by way of original action in this Court, the relator must demonstrate that appellate rights are inadequate and that a denial of extraordinary relief would result in extreme hardship. The Board's showing in this regard was insufficient. However, in light of the acceptance of the showing as adequate by a majority of Justices, I join in the Court's opinion.

## CONCURRING OPINION

Hunter, J.—I concur in result because the power vested in the Indiana Health Facilities Council to issue cease and desist orders to facilities which are not in compliance with the Health Facilities Licensing and Regulation Act, Ind. Code § 16-10-2-1 (Burns 1973), *et seq.,* and duly promulgated rules thereunder *facially* guarantees minimum due process rights prior to the exercise of that power. The party is entitled to a hearing when the "possibility" of a violation exists, as determined by the council, and Ind. Code § 16-10-2-1 (Burns 1973) provides that "Such hearing shall be conducted in the manner provided by law." "The manner provided by law" includes the provisions of the Administrative Adjudication Act, Ind. Code § 4-22-1-1 (Burns 1974), *et seq.,* guaranteeing the rights of the party charged to appear at an open hearing, to present evidence in his behalf, to cross-examine opposing witnesses, and to have the record at the hearing form the basis for any decision.

Plaintiff in the action before respondent's court maintained

that she was excused from exhausting her administrative remedies because the only question was a question of law, i.e. whether the above statutory scheme was unconstitutional as denying her "minimum due process" by permitting the Health Facilities Council to make an initial investigation and then allowing the council or its nominee to hear evidence regarding the charge. Specifically, plaintiff relied upon our holding in *City of Mishawaka* v. *Stewart*, (1974) 261 Ind. 670, 310 N.E.2d 65, arguing that the attorney general's representation of the council and his role as advisor to the council contaminated the hearing provided for by the statute. *City of Mishawaka* is distinguishable because separate acts of the legislature required the city attorney to act as prosecutor and then sit as judge. Here, the attorney general may assist in prosecuting the claims or in advising the council, but Ind. Code § 16-10-2-4 defining the composition of the council which sits in judgment *does not* include the attorney general. Thus, plaintiff's question is not a pure question of law where the statutes governing the procedure for depriving plaintiff of her rights are clearly incapable of constitutional application. That being the case, plaintiff should be required to meet the exhaustion requirement. In so doing, even if the outcome is not in her favor, she will have developed a factual record to support her claim that the Health Facilities Council, under the statutory arrangement assigning preliminary investigative functions to it, is not sufficiently impartial to satisfy the Due Process Clause. See generally, *Wolff* v. *McDonnell*, (1974) 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935.

The majority opinion finds it necessary to support the foregoing argument with broad generalizations on the autonomy of administrative agencies based on the separation of powers principle. The majority opinion goes too far when it states, "Such a board is not a court and does not perform a strictly judicial function. . . ." Of course, the Health Facilities Council is not a court. But it is a quasi-judicial body,

and when it performs a quasi-judicial function it must do so in accordance with the United States and Indiana Constitutions and "court-made rules" pursuant thereto, as well as the applicable statutes governing the agency, and such quasi-judicial actions will be subject to review.

For the reasons stated above, I concur with the majority that the claim presented here is properly reviewable through the machinery of the Administrative Adjudication Act and not by way of this original action.

For these reasons I concur in making permanent the temporary writ of prohibition heretofore issued.

NOTE.—Reported at 344 N.E.2d 846.