Philip REIDENBACH, Appellant
(Plaintiff Below),

v.

BOARD OF SCHOOL TRUSTEES OF the
WEST NOBLE SCHOOL CORPORA-
TION, Appellee (Defendant Below).

No. 3–177A7.

Court of Appeals of Indiana,
Third District.

Jan. 22, 1980.

Bingham, Summers, Welsh & Spilman, Indianapolis, R. Stan Emerick, Emerick & Diggins, Kendallville, for appellant.

James R. Heuer, Gates & Gates, Columbia City, Robert E. Reed, Reed & Hearn, Syracuse, for appellee.

HOFFMAN, Judge.

This is an appeal from an entry of summary judgment in favor of defendant-appellee Board of School Trustees of the West Noble School Corporation (School Board) in an action filed by plaintiff-appellant Philip Reidenbach alleging the wrongful refusal of the School Board to renew his contract as

a public school teacher. The trial court found that Reidenbach failed to exhaust his administrative remedies under a Collective Bargaining Agreement (Agreement) in effect at the time which governed the terms and conditions of his employment with the School Board. Due to his failure to exhaust these remedies, the trial court ruled that it did not have jurisdiction over the instant suit.

During the 1974–75 school year Reidenbach was employed as a non-tenure teacher in the West Noble School Corporation. On January 20, 1975, he was informed by Superintendent Longenbaugh that he was suspended from his teaching duties effectively as of that date. On February 20, 1975, the School Board terminated Reidenbach's employment and provided him with a written list of the reasons for its action. After receiving this notice of termination Reidenbach initiated a grievance proceeding pursuant to the Agreement in which he alleged, *inter alia*, that the reasons for terminating his employment were arbitrary and capricious and that therefore the School Board had violated the Agreement. On April 22, 1975, the parties agreed to submit the matter to binding arbitration. The arbitration hearing was set for June 6, 1975. On April 28, 1975, the School Board notified Reidenbach that regardless of the outcome of the pending arbitration proceeding, his contract would not be renewed for the 1975–76 school year. Upon receipt of this notice Reidenbach did not request a written statement from the School Board showing the reasons for the non-renewal.

In his decision on August 16, 1975 the arbitrator found that the School Board's reasons for terminating Reidenbach's employment in February were arbitrary and capricious. He awarded Reidenbach the balance of his salary for the 1974–75 school year. On August 17, 1975, Reidenbach presented himself to the Superintendent for employment. However, he was not thereafter employed by the School Board. On December 12, 1975 this suit ensued.

Reidenbach maintains the trial court erred in holding that he failed to exhaust his administrative remedies. His principal contention is that no such remedies were available to him under the Agreement. Alternatively, he argues that if any remedies were available they were not exclusive and that in any event it would have been futile to exercise them.

The trial court determined that when Reidenbach received notice of the non-renewal from the School Board, he failed to request the reasons for its actions as provided for in Article X(A) of the Agreement. Article X reads as follows:

"*Non-renewal of Non-tenure Teacher*

If the employment of a non-tenure teacher is discontinued by the Board, the teacher may not use the grievance procedure of this Agreement [Article XII] unless the following procedures are violated:

A. The teacher may request and will receive a written reason(s) for the non-renewal of contract.

B. The written reason(s) shall not be arbitrary or capricious.

C. The teacher shall be permitted to review his personnel file and duplicate any information contained therein. (This right shall not extend to documents or recommendations obtained by the School Corporation in the course of originally employing the teacher.)

D. The teacher may request and will receive an opportunity to appear before the Board in executive session and may:

1. state his/her contention and answer charges, if any; and

2. be represented by counsel or otherwise have individuals speak on his/her behalf."

The import of this article is twofold: first, it delineates the instances in which the grievance procedures of Article XII may be invoked. Thus unless the procedures in sections (A), (B), (C) or (D) of Article X are violated, the grievance procedures in Article XII are unavailable to the claimant. Secondly, Article X sets forth the procedures to be followed when a non-tenure teacher chooses to contest the non-

renewal of his contract. This second purpose of the article is apparent from the clause reading "unless the following procedures are violated." For this clause to have any significance it must be construed to refer to the procedures governing a non-tenure teacher's right to attack the non-renewal of his contract. The first step in this process is to request the reasons for the non-renewal. Article X(A). In the instant case, Reidenbach failed to satisfy this prerequisite of the Agreement. It is fundamental that no one is entitled to judicial relief until the prescribed administrative remedies have been exhausted. *State ex rel. Paynter v. Marion Cty. Sup. Ct., Rm. No. 5* (1976), Ind., 344 N.E.2d 846. Therefore, the trial court was correct in concluding that Reidenbach failed to exhaust his administrative remedies.

■ In another attempt to demonstrate the lack of any available administrative remedies, Reidenbach relies on the introductory clause of Article X which reads: "If the employment of a non-tenure teacher is discontinued by the Board . . ." From this language Reidenbach contends that insofar as his employment had previously been terminated in February, there was no employment for the School Board to discontinue when it sent him a non-renewal notice in April. Thus he reasons that Article X was inapplicable to his situation. This contention is specious because Reidenbach's claim for renewal must derive from some source. Otherwise there can be nothing to renew. Here the source of his entitlement to renewal is derived from the Agreement. Since his claim is predicated upon breach of the Agreement, that is, the failure to renew his contract, he is bound by those terms of the Agreement which govern the manner in which his contractual rights may be enforced.

■ Next, Reidenbach urges that his remedies under the Agreement were not exclusive. He suggests that the use of the word "may" in Article X indicates it is optional with the grievant whether to invoke the contractual procedures in Article X by requesting the reasons for the dismissal or instead to immediately seek judicial relief. This position is untenable. The obvious purpose of the "may" language in Article X is to give an aggrieved party the choice between following its contractual procedures or else suffering abandonment of the claim.

Reidenbach also urges that exhausting his administrative remedies would have been a futile gesture in view of the School Board's arbitrary termination of his employment in February and the subsequent notice of the non-renewal of his contract for the following school year. He insists that there was nothing to gain by requesting the reasons for the non-renewal since he already knew the School Board's position on this issue.

■ Therein lies the fallacy of Reidenbach's argument. He *assumes* that the reasons for his non-renewal were the same as the reasons for his wrongful discharge. However, a trial court cannot indulge in speculation as to what the reasons were for the non-renewal. Before seeking a judicial remedy a grievant must first elicit the reasons for a non-renewal from the School Board. There is a sound reason for requiring this. It is to make a record of the School Board's actions which can then be reviewed by the trial court. Until a claimant obtains the reasons for the non-renewal, consideration of the matter by a court is premature. Reidenbach has not shown that exhausting his administrative remedies would have been futile.

Since Reidenbach failed to exhaust his administrative remedies under the Agreement, the trial court quite properly concluded that it had no jurisdiction over the subject matter of this suit.

Judgment affirmed.

GARRARD, P. J., and STATON, J., concur.