**ST. JOSEPH'S HOSPITAL, INC. OF FORT WAYNE, Indiana, Appellant (Plaintiff Below),**

v.

**HUNTINGTON COUNTY DEPARTMENT OF PUBLIC WELFARE, Appellee (Defendant Below).**

**No. 2–579A124.**

Court of Appeals of Indiana, Second District.

June 18, 1980.

---

Raver, Federoff & Lowenstein, Paul C. Raver, Sr., Solomon L. Lowenstein, Jr., Fort Wayne, for appellant.

Palmer, Bowers & Brewer, Robert S. Garrett, Huntington, for appellee.

BUCHANAN, Chief Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant St. Joseph's Hospital, Inc. (the Hospital) appeals the judgment of the trial court granting the motion to dismiss filed by the Huntington County Department of Public Welfare (the Department), thereby dismissing the Hospital's complaint for lack of jurisdiction over the subject matter because the Hospital failed to exhaust its administrative remedies.

We affirm.

## FACTS

On November 6, 1977, Terry L. Shenfeild, a resident of Huntington County, Indiana, was severely burned while putting up a C.B. antenna in Warren, Huntington County, Indiana. He was taken to the Huntington Memorial Hospital for treatment and the same day transferred to St. Joseph's Hospital in Fort Wayne, Indiana.

The Hospital notified the Department of Shenfeild's admission on November 9, 1977, using the Department's form number 475 entitled "Hospital or Physician's Report of Illness or Injury Under Chapter 172, Acts of 1965," (IC 12–5–2–1) for recovery of medical services and materials rendered to Shenfeild in the amount of $11,971.65.

On December 14, 1977, a caseworker for the Department filed an Application for Hospital Commitment on form 550 for Shenfeild and the Hospital was informed of this fact.

Initially, the Hospital received verbal approval from the Department for payment of the medical and hospital expenses incurred by Shenfeild. But, thereafter, the Hospital was notified that the Department would not accept financial responsibility for medical services to Shenfeild until a lawsuit filed by Shenfeild against the Town of Warren for civil liability resulting from the accident had been resolved.

The Hospital then filed a complaint against the Department in the Huntington Circuit Court (later venue was changed to the Wells Circuit Court) for recovery of Shenfeild's medical and hospital expenses. The Department moved for dismissal arguing that the Hospital did not follow the proper administrative appeal procedures.

The trial court dismissed the cause for lack of jurisdiction because of failure to exhaust administrative remedies.

## ISSUES

To facilitate review, and pursuant to Indiana Rules of Procedure, Appellate Rule 8.3(A)(7), the Hospital's issues are consolidated in the following single issue:

Was the decision of the trial court in finding that it lacked jurisdiction over the subject matter for the reason that the Hospital failed to exhaust the administrative remedies contrary to law?

## DECISION

*PARTIES' CONTENTIONS*—The Hospital contends that it strictly complied with a proper statutory procedure, that of the Hospital Commitment Act, Ind.Code 12–5–1–1 to –17.

The Department counters that under the circumstances of this case the Hospital Medical Act, Ind.Code 12–5–2–1 to –5, and its appeal procedures are controlling.

*CONCLUSION*—The trial court correctly dismissed the action of the Hospital for lack of jurisdiction over the subject matter.

The parties argue that the question to be determined is whether it is the Hospital Commitment Act or the Hospital Medical Act which affords the Hospital an opportunity to seek judicial review of the Department's action. We conclude, however, that it is unnecessary for us to determine which statute is applicable here inasmuch as neither Act affords judicial review to the Hospital at this stage of the proceedings.

Section 2 of the Hospital Commitment Act (Ind. Code 12–5–1–2–) provides *inter alia* :

If the department shall determine that a person is a proper subject for treatment in a hospital as provided in section 1 of this chapter, and commits such person thereto, the department shall transmit an application and commitment to the hospital on a form to be furnished by the superintendent thereof. If such application be accepted by the superintendent of

said hospital he shall notify the county department of public welfare of such fact, and when the patient may be received, and thereupon such county department of public welfare shall give notice to such person, or the parent or guardian of such person, if the patient is under eighteen (18) years of age, and if deemed necessary the county department of public welfare shall provide a suitable person to accompany such person to such hospital; Provided, however, That *any person affected by any such determination by the county department of public welfare may, within ten (10) days after such county department of public welfare makes its decision, take an appeal de novo to the circuit court of such county.* (emphasis added).

By its unambiguous terms, the Hospital Commitment Act provides for appeal de novo to the Circuit Court after the Department makes its final decision. The facts of this case, as admitted by both parties, indicate that the Department has not made a final decision as to whether it will assume Shenfeild's medical expenses. Rather it is withholding any final determination until the litigation between Shenfeild and the Town of Warren has been resolved.

A primary tenet of Indiana administrative law is that there must be final administrative action before there can be judicial review thereof. *South Bend Federation of Teachers v. National Education Association* (1979), Ind.App., 389 N.E.2d; *Downing v. Board of Zoning Appeals* (1971), 149 Ind.App. 687, 274 N.E.2d 542.

There has been no final administrative action here and it follows that the Hospital must await a final decision by the Department before pursuing its judicial remedies under the Hospital Commitment Act.

The other Act which we must consider, the Hospital Medical Act, provides *inter alia* in Ind. Code 12–5–2–2:

*If the county department of public welfare of the county in which the person is injured or becomes ill fails to make an investigation and determination within*

*ninety (90) days after receiving the report* or if it determines that the injured or ill person is not eligible for the payment of costs of medical or hospital care, or if the county responsible for the payment of the cost of the medical or hospital care of the injured or ill person fails or refuses to accept responsibility for the payment of such costs, *the hospital or physician affected thereby may appeal the matter to the state department of public welfare.* The state department shall thereupon fix a time and place for a hearing on the matter by the administrator of the state department of public welfare as hearing officer or by a person appointed by him as hearing officer. A notice of the hearing shall be served upon all parties or persons interested in the matter at least twenty (20) days before the time fixed for the hearing. (emphasis added).

The Hospital Medical Act unequivocally sets forth an administrative procedure which must be followed prior to any resort to judicial remedies.

It is fundamental Indiana law that a party must exhaust his administrative remedies before suit may be brought in a trial court. *State ex rel. Paynter v. Marion County Superior Court* (1976), 264 Ind. 345, 344 N.E.2d 846; *Thompson v. Medical Licensing Board* (1979), Ind.App., 389 N.E.2d 43. The Hospital has not done so.

Both the Hospital Commitment Act and the Hospital Medical Act preclude the Hospital from bringing at this time its controversy into the trial court. Therefore, the trial court was correct in dismissing the Hospital's complaint for lack of jurisdiction over the subject matter.

Affirmed.

SULLIVAN and SHIELDS, JJ., concur.