**INDIANA STATE DEPARTMENT OF PUBLIC WELFARE and the State Board of Public Welfare, Appellants,**

v.

**NUCLEOPATH, INC., Appellee.**

Nos. 29A02–8708–CV–322, 29A02–8802–CV–59.

Court of Appeals of Indiana, Second District.

Aug. 11, 1988.

Linley E. Pearson, Atty. Gen., Gordon E. White, Deputy Atty. Gen., Indianapolis, for appellants.

Daniel F. Evans, Jr., Jill Harris, Indianapolis, John S. Pearce, Noblesville, Gerald G. Goldberg, Donald A. Smith, Chicago, for appellee.

SHIELDS, Presiding Judge.

Indiana State Department of Public Welfare (DPW) and the State Board of Public Welfare (Board) appeal separate grants of injunctive relief in favor of Nucleopath, Inc. We reverse.

## FACTS

DPW is the state agency that administers the Indiana Medicaid Program. Nucleopath is a hospital-based Medicaid provider and participates in the Indiana Medicaid Program under an exclusive contract with St. Mary's Medical Center to administer and supervise all the pathological services for the center's laboratories. DPW conducted a random sample audit of Nucleopath's Medicaid reimbursement for the period of October 1, 1983, through September 30, 1984. By letter dated December 30, 1985, DPW demanded a refund from Nucleopath in the amount of $275,-312.36 for overcharges for non-documented services. Nucleopath pursued an administrative appeal of DPW's action. The Board issued a final determination on December 29, 1986, directing DPW to collect the demanded amount. Nucleopath filed its petition for judicial review of the Board's decision on January 13, 1987.

On April 9, 1987, as a result of a second audit, DPW demanded another refund from Nucleopath in the amount of $412,571.02 for laboratory services billed for the period of October 1, 1984 to May 31, 1986. DPW claimed Nucleopath had overcharged Medicaid for non-documented services and for "services not recognized by the Indiana Medicaid Program as covered services." Record at 104. Nucleopath initiated an administrative appeal of the $412,571.02 refund demand by a letter in which it claimed the same issues that were the subject of the judicial review proceeding pending in the Hamilton Circuit Court would arise in the administrative appeal of the second refund demand as had arisen in the first refund demand administrative appeal.

On April 28, 1987, DPW appointed a hearing officer to preside at the second refund demand administrative hearing. On May 15, 1987, Nucleopath filed a Petition for Declaratory Judgment, Injunctive, and Other Relief with the Hamilton Circuit Court. Nucleopath claimed that "[t]o allow DPW to initiate a hearing on its demand

for refund would result in a second administrative hearing covering the same question of proper documentation for service according to 470 IAC 5-5-1 which was previously litigated and it would be duplicative and violative of the Doctrine of Estoppel by 'Judgment'...." [1] Record at 34. Nucleopath further alleged a second hearing would cause it irreparable harm. On August 4, 1987, following a hearing at which the only evidence offered was copies of the two refund demand letters, the trial court granted Nucleopath relief by an order which enjoined DPW

> from initiating any administrative hearing with respect to the refund demand letter of April 9, 1987 seeking recovery of $412,571.02 all pending a hearing and adjudication on the merits of Petitioner's original Petition for Judicial Review....

Record at 97. DPW appealed.

While the appeal was pending, Nucleopath petitioned the trial court for additional relief. The first and second refund demands made by DPW involved payments already made by DPW to Nucleopath for the period of October 1, 1983 through May 31, 1986. Thereafter, DPW denied payment to Nucleopath for professional services billed after May 31, 1986. Nucleopath initiated administrative review of the refused payment and a hearing officer was appointed. DPW petitioned to consolidate the refused payment proceeding with the theretofore enjoined second refund demand proceeding. Then on October 7, 1987, Nucleopath petitioned the trial court to "Extend the Injunction Order of August 4, 1987" (Record at 44) (which enjoined administrative proceedings on the second refund demand) by "enjoin[ing] the [DPW] from withholding payment to Nucleopath for its 'professional component' services rendered after May 31, 1986...." Record at 50.

The trial court complied and on February 3, 1988

> restrained [DPW and the Board] from denying payment for professional compo-

---

1. Although the parties do not address the petition in these terms, Nucleopath was petitioning, in essence, to "appeal" the interlocutory order of the Board denying Nucleopath a continuance of any hearing on its administrative appeal of the second refund demand.

nent service claims filed by Nucleopath, Inc. until further order of Court ...

Record at 144. In so doing, the trial court found

[t]he issues adjudicated by this Court's Order of August 4, 1987 are the same as the issues presented in the instant matter with the sole exception that this matter involves the withholding of payment and the prior matter involved the demand for a refund but both actions [are] predicated upon the same issue, those issues being the documentation of the professional component services rendered by [Nucleopath] and whether the professional component is a covered Medicaid service.

Record at 141. A second appeal ensued which was ordered consolidated with the appeal of the August 4, 1987 order.

## ISSUE

DPW claims the trial court erred in issuing the separate injunctions because Nucleopath failed to exhaust its administrative remedies, our determination of this issue is dispositive of both appeals.[2]

## DISCUSSION

The Board argues the trial court erred in granting injunctive relief because Nucleopath failed to exhaust its administrative remedies. Generally, a person is not entitled to judicial relief until the prescribed administrative remedies have been exhausted. *Thompson v. Medical Licensing Bd.* (1979), 180 Ind.App. 333, 389 N.E.2d 43, 47. Thus,

"where the statute provides for a procedure for such review or for a judicial remedy, it excludes any common law or equitable procedure to the extent such statutory provisions are adequate in protecting and preserving such substantive rights guaranteed by the constitution, the statutes or general principles of law. Such statutory procedure must be followed at least to the extent of the remedy available before resort is made to any common law or equitable remedy. *Ballman v. Duffecy*, 1952, *supra* 230 Ind.

220, 102 N.E.2d 646; *Joseph E. Seagram & Sons v. Board of Commissioners*, 1943, 220 Ind. 604, 45 N.E.2d 491; *State ex rel. White v. Hilgemann [Judge]*, 1941, 218 Ind. 572, 34 N.E.2d 129; *Warren v. Indiana Telephone Co.*, 1940, 217 Ind. 93, 26 N.E.2d 399." (emphasis added)

*State ex rel. Paynter v. Marion County Superior Court* (1976), 264 Ind. 345, 344 N.E.2d 846, 848, *quoting Public Service Commission v. City of Indianapolis*, (1956) 235 Ind. 70 at 83, 131 N.E.2d 308 at 313.

Relevant considerations in determining whether this exhaustion requirement has been met are:

the character of the question presented, *i.e.*, whether the question is one of law or fact; the adequacy or competence of the available administrative channels to answer the question presented; the extent or imminence of harm to the plaintiff if required to pursue administrative remedies; and the potential disruptive effect which judicial intervention might have on the administrative process.

*Indiana Dep't. of Public Welfare v. Chair Lance Service, Inc.* (1988), 523 N.E.2d 1373, 1378 *quoting Wilson v. Board of Indiana Employment Security Division* (1979), 270 Ind. 302, 305, 385 N.E.2d 438, 441.

■ Here, the trial court found

[t]he issues which form the basis for the [second] refund demand ... are precisely the same as the issues which were previously litigated by the parties in the administrative hearing which resulted in the decision which is currently on judicial review to this Court, those being the issues of whether [Nucleopath] documented its "professional component" services in accordance with Department rules and whether the "professional component" is a covered Medicaid service.

Record at 96. Based on that finding the trial court concluded the second refund demand administrative proceedings should be enjoined to avoid "unnecessary

---

**2.** Because we reverse on this issue, we do not address other errors asserted by the Board.

duplication, and vexatious litigation." *Id.* Hence, the trial court enjoined DPW from "initiating any hearing ... pending a hearing and adjudication on the merits of Petitioner's original Petition for Judicial Review...." Record at 97.

Assuming, for the sake of argument, that conservation of administrative and judicial resources may constitute a basis for excepting the requirement of exhaustion of administrative remedies, it does not do so here.

Nucleopath incorrectly asserts, and the trial court incorrectly found, that the issues in both refund demands and the refusal to pay proceeding are identical. The first refund demand was based upon lack of documentation; the second refund demand and the refusal to pay was based upon lack of documentation *and* lack of coverage. In fact, in the first refund demand proceeding, the Board specifically found that DPW was not challenging coverage, only documentation.[3] Further, the Board ordered collection of the refund solely on the basis of documentation.[4] Since the second refund demand administrative proceeding and the refusal to pay proceeding contain an issue not determined in the first refund demand proceeding pending judicial review, neither administrative nor judicial economy are served by delaying the administrative hearings and determinations that eventually will be necessary regardless of the disposi-

tion of the judicial review of the first refund demand. Therefore, the trial court's findings to the contrary are clearly erroneous and the orders granting the injunctions are contrary to law.

■ Nucleopath also argues the grant of injunctive relief was appropriate because the exhaustion requirement is relaxed under the exceptional circumstances of futility or certainty of irreparable harm. The circumstance of futility cannot exist because the coverage issue has not been administratively adjudicated. Therefore, Nucleopath is incorrect when it asserts that "[i]t is obvious that if a second administrative hearing were held Nucleopath would lose and for precisely the same reasons the Board ruled against it in the first action." Appellee's brief at 18. Accordingly, its claim of irreparable harm based upon a useless act must fail. Further, "the expense and annoyance of compliance with administrative procedures are part of the social burden of living under government ... and such costs do not constitute irreparable harm." *Indiana State Dept. of Welfare v. Stagner* (1980), Ind.App., 410 N.E.2d 1348, 1353 (citations omitted). Therefore, we can only conclude the trial court's orders granting injunctive relief are contrary to law because they prematurely interrupt the administrative process without any basis.[5]

The orders of the trial court enjoining administrative proceedings in the second

---

3. In addition to basing its first refund demand solely on the grounds of insufficient documentation, the DPW apparently stipulated that coverage was not an issue at the administrative hearing.

4. Nucleopath argues the coverage issue was implicit in the documentation issue because "the documentation question only becomes relevant after it has been determined that the service which the documentation purports to relate to is covered under the Medicaid program." Appellee's brief at 19. Logically, the argument has merit. Nevertheless, coverage was not the basis for the claimed refund, neither was it denied or disputed at the administrative hearing. Thus, it was not an issue submitted for explicit or implicit determination.

5. Interestingly, the administrative adjudication which constitutes the final order on judicial review determined Nucleopath was not entitled

to compensation for professional services during the period of October 1984 to May 31, 1986 because of lack of documentation. If either claim preclusion or issue preclusion were applicable, those doctrines would preclude Nucleopath from relitigating the issue of documentation in any subsequent proceedings, *i.e.,* Nucleopath would be bound by the Board's determination it did not provide proper documentation. Accordingly, rather than Nucleopath seeking injunctions as it did, the Board is the logical party to seek to enjoin Nucleopath from claiming it provided proper documentation in the second or any subsequent administrative proceeding. In fact, neither claim preclusion nor issue preclusion are applicable. Claim preclusion is inapplicable for the reason the issues are not identical. For example, coverage was not an appropriate issue in both proceedings. Issue preclusion is inapplicable because the documentation issue concerns different time periods and thus, there is not identity of issues.

refund demand proceeding and the refused payment proceeding are reversed and this cause is remanded for further proceedings.

RATLIFF, C.J., and SULLIVAN, J., concur.