John Burley SCALES, Betty DeWitt
Scales, Mark S. Krantz and Jo
Ann Krantz, Appellants,

v.

STATE of Indiana, Indiana Department
of Natural Resources, Appellees.

No. 82A01–9005–CV–213.

Court of Appeals of Indiana,
First District.

Dec. 12, 1990.

John Wissner, Boonville, for appellants.

Linley E. Pearson, Atty. Gen. and Myra
P. Spicker, Deputy Atty. Gen., Office of
Atty. Gen., Indianapolis, for appellees.

## STATEMENT OF THE CASE

RATLIFF, Chief Judge.

John Burley Scales, Betty DeWitt Scales,
Mark S. Krantz, and Jo Ann Krantz (collec-
tively "Landowners") appeal the Vander-
burgh Superior Court's dismissal of their
complaint for declaratory judgment.  We
affirm.

## FACTS[1]

Landowners own real estate located in
Warrick County, Indiana, a portion of
which lies over a vein of coal.  Since they
purchased the property in 1986, Land-
owners have excavated certain minerals

---

1. Reference is made by both parties in their
briefs to facts outside the record in this case.
We remind counsel that such is clearly improp-
er, and that "[t]he case is made, not by state-
ments of counsel, but by the record".  *Isbell v.
Heiny* (1941), 218 Ind. 579, 583, 33 N.E.2d 106,
108.

from the land for commercial use and sale. The excavation work has been contracted out to Krantz Brothers Construction Corporation (KB) of which Mark S. Krantz is secretary-treasurer.

On April 6, 1989, the Indiana Department of Natural Resources, Division of Reclamation (DNR) issued a Cessation Order (CO) to KB, based on its contention that KB's removal of minerals from Landowners' real estate constituted "surface coal mining operations" without a permit, as required under the Indiana Surface Coal Mining and Reclamation Act (ISCMRA).[2] The CO required KB to cease all surface coal mining on areas overlying the coal on Landowners' real estate. KB contested the issuance of the CO, and requested a formal hearing claiming: (1) the operation was not a coal mining operation and thus the CO was improper, and (2) if the Administrative Law Judge (ALJ) were to determine the operation was subject to DNR regulation, then KB was entitled to an exemption to the permitting process under IND.CODE § 13-4.1-1-3(12)(A), which provides an exemption to the permitting process for operations where the coal does not exceed 16⅔% of the tonnage of minerals removed for purposes of commercial use or sale.

On August 30, 1989, Landowners filed a complaint for declaratory judgment in the Vanderburgh Superior Court in which they sought (1) a determination that their use of certain real estate does not constitute "surface coal mining operations" under ISCMRA and thus the land does not need to be permitted; and (2) an injunction enjoining DNR from requiring Landowners to comply with the requirements of ISCMRA. DNR filed a motion to dismiss Landowners' complaint on October 31, 1989, alleging lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted because Landowners had not exhausted their administrative remedies.

After a hearing held on November 29, 1989, the trial court granted DNR's motion to dismiss for lack of subject matter jurisdiction. From this judgment, Landowners now appeal.

2. IND.CODE § 13-4.1-1-1 *et seq.*

## ISSUE

The sole issue for our consideration is whether the trial court abused its discretion when it dismissed Landowners' complaint for declaratory judgment for lack of subject matter jurisdiction.

## DISCUSSION AND DECISION

■ The question presented in Landowners' complaint is whether their activities fall within ISCMRA's definition of surface coal mining operations. We remind Landowners that "[i]n Indiana, the general rule is that no one is entitled to judicial relief for an alleged or threatened injury until the prescribed administrative remedy has been exhausted." *Board of School Commissioners of Indianapolis v. Eakin* (1983), Ind., 444 N.E.2d 1197, 1201. On appeal, Landowners concede this general requirement but claim DNR has no jurisdiction over the present controversy because:

"Landowners' excavation activities will result in the incidental removal of coal that is less than 16⅔% of the total tonnage of minerals removed for commercial use and sale. Under I.C. 13-4.1-1-3(12) Landowners' activities thus do not constitute 'surface coal mining operations' subject to the [I]SCMRA. Since Landowners' activities are not surface coal mining operations DNR has no jurisdiction or authority under the [I]SCMRA to regulate them."

Appellant's brief at 7 (citation to record omitted).

■ A similar claim was rejected by our supreme court in *State ex. rel. Paynter v. Marion County Superior Court Room Number 5* (1978), 264 Ind. 345, 353, 344 N.E.2d 846. In *Paynter,* the operator of a health care facility was notified to appear before the Indiana Health Facilities Council to determine if she was operating a health care facility without a license. In response to her claim the Council had no jurisdiction because the facility was not a "health facility", our supreme court stated:

"The challenge to jurisdiction here is really no challenge to jurisdiction at all. It is merely a denial of the allegations against Respondents. To say that this should deprive the Health Facilities Council of jurisdiction is to suggest that a criminal trial court is without jurisdiction over a defendant who pleads not guilty. Our criminal courts do not have jurisdiction over just 'criminals.' They have jurisdiction over persons accused of crimes. Similarly, the Health Facilities Council has jurisdiction over persons *possibly* operating a health facility and has the power to determine whether such an operation exists.

The question of law presented here is properly defined, then, as whether the particular facility involved falls within the statutory definition. That determination must be left with the agency unless merit is found in the Respondents' other two issues unless the administrative process is found to be in some other way inadequate."

*Id.* at 350, 344 N.E.2d at 849. Landowners cannot circumvent the requirement of exhaustion of administrative remedies merely by asserting their activities do not fall under ISCMRA, and we hold Landowners' challenge to DNR's jurisdiction on this basis to be without merit.

In support of their contention that the trial court erred when it dismissed their complaint for lack of subject matter jurisdiction, Landowners rely on the following provision of the Indiana Declaratory Judgments Act (IDJA) [3]:

"Any person ... whose rights, status or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the statute ... and obtain a declaration of rights, status or other legal relations thereunder."

IND.CODE § 34-4-10-2. Landowners note that IDJA, being remedial in nature, "is to be liberally construed and administered." IND.CODE § 34-4-10-12. However, "liberal construction does not mean 'carte blanche.' A declaratory judgment is said to be proper if another legal remedy

exists, only 'where it is appropriate.' Ind. Rules of Procedure, TR. 57." *Thompson v. Medical Licensing Board* (1979), 180 Ind.App. 333, 343, 389 N.E.2d 43, 50, *trans. denied, cert. denied* 449 U.S. 937, 101 S.Ct. 335, 66 L.Ed.2d 160.

In their complaint, Landowners seek a declaration that their activities do not constitute "surface coal mining operations" as defined in ISCMRA. We agree with Landowners that ISCMRA itself contains no provision by which Landowners could obtain this determination in a manner similar to a declaratory judgment. However, Landowners conclude that "DNR thus has no authority to make the determination" and "Landowners have no administrative remedy to pursue." Appellant's brief at 9.

■ We disagree. Administrative procedures exist by which Landowners may obtain a determination of whether their activities fall within ISCMRA's definition of "surface coal mining operations". For example, 310 IAC 0.6-1-15(a) provides as follows:

"(a) A person may, in writing, request the department to interpret a statute or rule administered by the department as applicable to a specific factual circumstance. The request must:

(1) describe with reasonable particularity all relevant facts;

(2) cite with specificity the statutory or rule sections in issue;

(3) identify any other person who may be affected by a determination of the request; and

(4) describe the relief sought."

IND.CODE § 13-4.1-11-8 provides for administrative review of this "quasi-declaratory judgment", and IND.CODE § 13-3.1-13 provides for judicial review.

■ While the determination of whether the presence of another form of relief justifies a refusal to grant declaratory relief is within the trial court's discretion, courts are generally reluctant to grant declaratory relief if the result is to bypass available

---

**3.** IND.CODE § 34-4-10-1 *et seq.*

administrative procedures. *Thompson,* 180 Ind.App. at 344, 389 N.E.2d at 50. The relevant factors to be considered in making such a determination include:

"a.) Use of the remedy which most completely resolves all the issues between the parties;

b.) Whether the administrative remedy is adequate;

c.) Whether declaratory relief is necessary to prevent irreparable harm; [and]

d.) The extent of unnecessary delay resulting from allowing declaratory judgment."

*Id.* at 345, 389 N.E.2d at 50 (citations omitted).

Applying these factors to the present case, we conclude Landowners should not be allowed to bypass their administrative remedies. ISCMRA and its accompanying rules and regulations provide an adequate procedure for determining whether Landowners' activities constitute "surface coal mining operations" and also provide an opportunity for both administrative and judicial review. Allowing Landowners to bypass the available administrative remedies would result in a forfeiture of agency expertise as well as DNR's opportunity for self-correction of errors so as to avoid waste of judicial resources.

The trial court's dismissal for lack of subject matter jurisdiction was not an abuse of discretion. Landowners may avail themselves of their administrative remedies, and if they are unable to obtain justice through the available administrative process, Landowners may then seek review and correction by the trial court.

Affirmed.

ROBERTSON and BAKER, JJ., concur.